Argued January 31; affirmed February 7, 1933.

# BARBOUR *v.* STAHL
(18 P. (2d) 807)

*Frank S. Senn,* of Portland (Senn & Recken, of Portland, on the brief) for appellant.

. *Paul R. Harris,* of Portland (Davis & Harris and J. R. Greenfield, all of Portland, on the brief) for respondent.

BELT, J. This is an action to recover damages for personal injuries resulting from an automobile collision. From a judgment in favor of the plaintiff, the defendant appeals.

The first assignment of error is based upon the alleged misconduct of counsel in argument to the jury. The argument was close to the danger line in referring to the "investigator" of counsel for defendant, who had assisted in preparation of the defense, as it smacked somewhat of insurance, but we think it warrants no reversal. In taking exception to such argument, counsel for defendant stated, "Your Honor, I object to any such argument. There is no such record here. I imagine Pike Davis (counsel for plaintiff) combed the vicinity too for witnesses. I object to that kind of an argument". The court said, "Go ahead". Mr. Davis: "Get under the boy's cuticle and he squeals under his breath". Such language is more forcible than elegant, but it is not cause for a new trial. The jury understands. Its judgment is not warped by such horseplay of counsel. Had the court granted the motion for a new trial, it would not have been an abuse of discretion, but, since it did not, we do not, under the state of the record, feel warranted in interfering with such exercise of discretion.

Exception was taken to an instruction which, in substance, advised the jury that plaintiff was entitled to recover if negligence was established in one or more particulars as charged. Defendant complains because the court omitted the element of proximate cause and the defense of contributory negligence. In other portions of the charge, the court explicitly instructed that if the plaintiff had in any way contributed to his own injury the verdict should be for the defendant. The jury was also instructed as to the definition of proxi-

mate cause and that plaintiff could not recover unless the alleged negligence was the proximate cause of his injury. The instruction of which appellant complains, when viewed in the light of the entire charge, is not prejudicial to the defense.

■ The third and last assignment of error pertains to the giving of the following instruction:

"In your deliberation you must disregard all questions of sympathy. You have no right to award damages merely because you think or feel that someone may have been hurt, if he was hurt, and on that question the court expresses no opinion. You are to base your verdict solely and wholly on the testimony and the instructions of this court,—put out of your consideration all questions of feeling, sympathy and bias. *That, however, does not, and the law does not, impose on you a rule of rendering yourself inhuman*".

We do not know what the court had in mind when it gave the portion of the above instruction which we have italicized and we doubt whether the jury understood it. The last sentence tends to neutralize or destroy the first part of the instruction and clearly should have been omitted. We think, however, it is not sufficient ground upon which to reverse the judgment.

The motion of the respondent to have this court penalize the defendant by adding 10 per cent to the amount of the judgment on the ground of frivolous appeal is denied.

The judgment is affirmed.

RAND, C. J., ROSSMAN and KELLY, JJ., concur.